May it please the court, Kristen Wintberg on behalf of the petitioner, Jorge Cuevas-Moreno, and if I may, I'd like to try and reserve two minutes of my time for rebuttal. The Board of Immigration Appeals erred in finding that the record of conviction offered by the government here conclusively establishes that Mr. Cuevas-Moreno's grand theft conviction under California Penal Code Section 487A qualifies as a generic theft offense, rendering him an aggravated felon who is subject to removal and also statutorily ineligible for cancellation of removal. When a prior conviction results from a plea, Shepard tells us that the purpose of the modified categorical approach is to determine whether that plea necessarily rested on and admitted the elements of the generic theft offense. In this case, for Mr. Cuevas-Moreno's conviction for grand theft to qualify as a generic theft offense, it must have been based on the theft of property and not the theft of labor. The record of conviction here, which consisted of the criminal complaint and the abstract of judgment, fails to conclusively establish that this conviction necessarily rested on the facts of a generic theft offense. The complaint itself shows that he was charged with the theft of personal property, but when you look at that in conjunction with the abstract of judgment, the abstract of judgment does not conclusively confirm the factual basis for Mr. Cuevas-Moreno's plea. Looking at the abstract itself, it defines the crime to which he pled as grand theft value exceeding $400. Unlike the abstract of judgment in Ramirez-Villopando, which specifically limited or narrowed the plea to the generic limit and indicated that the defendant there had pled to the theft of personal property. The abstract here gives no indication that Mr. Cuevas-Moreno pled to the theft of personal property. Well, is that right? Because in reviewing the judgment, after the column labeled count, the abstract of judgment contains a column labeled code and section number and the information in these columns PC487A is consistent with the complaint, which charges a violation of section 487A of the penal code. And he's charged with count one, I believe, or there's a number one in the abstract. And I know you're arguing that it could simply refer to the first count of the plea agreement and not the complaint. But is that really plausible based on the fact that at the top of the form that it says it is not to be used for multiple count convictions? So it seems like based on what's written at the top of the form and this other identifying information that it is referring to that. Well, I would respectfully disagree. I think that that's certainly a plausible reading of the abstract of judgment, but I don't believe that that's the only reading of the abstract of judgment. And because the record of conviction has to demonstrate that the plea necessarily rested on the generic elements, I think that the government has not established by clear and convincing evidence here that he admitted to the theft of property. And just going through the document. Whoa, one second. The abstract shows that Cuevas Moreno pled guilty to count one, correct? That asks for a yes or no response. I would submit that it's not clear, Your Honor, and I understand you're asking for a yes or no response. I believe you can read it to say that he pled guilty to count one, but I believe that by the nature of this form, it leaves some question open. So the abstract of judgment indicates that he was... What is it about the form that leaves something open to question? A couple of things, Your Honor. The abstract indicates that he was convicted by plea. So under the column titled convicted, there are three options, jury, court, or plea. It doesn't indicate specifically that it was a guilty plea. It's possible that this could have been a plea pursuant to People v. West, for example, where the defendant would not have admitted factual guilt to the charges against... Does it say that? It doesn't necessarily... It doesn't here say People v. West, but because of the nature of the form, there's not a clear way to indicate a People v. West plea on an abstract of judgment. So for example, in Vidal, where we had a clear indication of a People v. West plea, the minute order there, the minute entry there, had a clear place to indicate that the plea was entered pursuant to People v. West. Because this is a fill-in-the-blank form with small boxes, there's not necessarily a place here to indicate that. And for that reason, we believe that this is insufficient, particularly read in conjunction with the fact that the crime is defined as grand theft, value exceeding $400. It's the general offense that was...statute that he was charged under. And there's a... Count one of the complaint does describe personal property, correct? Yes, it does, Your Honor. There was no transcript of the plea taken? There was no transcript submitted of the plea. The plea itself was not submitted. The only records of conviction that we have here are the criminal complaint and this abstract of judgment. And it's our position that because of the nature of this form, and because it doesn't specifically indicate that he pled guilty as charged in the complaint, or that he... It does not specifically indicate that he pled to the theft of personal property, that this is insufficient to meet the government's burden of proving removability conclusively. And does Young v. Holder change the burden of proof in this case? So with respect to cancellation of removal, we acknowledge that Young v. Holder has changed the burden. So prior to that case, the alien's burden of establishing his eligibility for cancellation was met with an inconclusive record. Now that we have Young v. Holder, it's clear that that's not the case. However, Mr. Cuevas-Moreno should still have the opportunity to apply for cancellation of removability and demonstrate, if he's able, with additional judicially noticeable documents, that he did not, in fact, plead to the theft of property, that he was not convicted of an aggravated felony. Under what authority? Well, I suppose I submit that under the REAL ID Act, he has the ability to bring forth evidence to demonstrate that he is eligible for cancellation. And at the time that he was before the immigration judge and the Board of Immigration Appeals, he had no reason to attempt to seek out additional documentation to submit with the record of conviction because an inconclusive record was... Additional documentation like what? For example, the actual plea agreement or the plea colloquy, a transcript of the plea colloquy. Well, I assume if that was to your benefit, you would have already... I know the government has the burden, but if that was to your benefit, you would have already submitted it. No. Your Honor, I also did not represent my client below, so I can't speak to what he may have done at that point, whether he attempted to obtain these documents. There's nothing in the record that demonstrates that he did and was unable. And so for that reason, my position is that he should be able to have the opportunity to do that. All right. Do you want to reserve the rest of your time? I would if there are no other questions. Judge Fletcher, do you have any questions right now? No. It's a non-case. Uh-huh. Yes. Thank you. Uh-huh. May it please the Court, Nancy Kanner, on behalf of the Attorney General. Your Honors, the petition for review should be denied because Petitioner's 487A conviction under California law renders him statutorily ineligible for cancellation or removal. The record of conviction here definitively establishes that Petitioner pled guilty to a generic theft offense. As previously discussed with Petitioner's counsel, the abstract of judgment is a single-form, single-count form. Under count, it links to one. It is not merely a numbering schematic, and I think it would be disingenuous to say that it was, given that, well, the form only provides space for one count, one plea. The one, it is reasonable to infer that the count links back to count one of the criminal complaint. There's no indication that there was a modified complaint or any other document that would provide any ambiguity. Under this Court's precedent in Cavantag, I believe that these two documents alone definitively establishes that Petitioner pled guilty to the generic theft offense. You think you've done so by clear and convincing evidence, because that's your burden, and there is some ambiguity, is there not, in it being count one and not referencing exactly at that point what count one is referring to. And so, I guess, um... Well, I'd be happy to speak to burden, Your Honor. Here, Petitioner has an A2EI domestic violence charge of removability, which has never been contested. So, he is removable for a crime of, for having been convicted of a crime of domestic violence. He has now applied for cancellation of removal. He is statutorily ineligible based on this aggravated felony, and it is Petitioner's eligibility for cancellation of removal. Under Young, if these documents are inconclusive, Petitioner has failed to meet his burden of demonstrating eligibility. Your argument is this is four square on Cavantag. I do believe, Your Honor, that Cavantag controls. It's a one, it's a single count form. There's no other reading of it I can see or think of that would suggest Petitioner hasn't been convicted of an AFL. Did a plea colloquy occur? Was there a transcript? Do you know why it wasn't submitted? I have no idea, Your Honor. Those would be great documents to have. We wish for them every single time, but we only have the abstract of judgment, and we have the complaint, which, you know, it says, willfully and unlawfully take money and personal property. So, it is not, you know, it falls squarely within the definition of a generic theft offense. Unless the Court has any other questions, I'd be happy to rest on the briefs. Any other argument, questions? Thank you. Judge Fletcher, do you have any questions? No. Thank you. Thank you. Your Honors, I'd just like to respond to the argument relating to Cavantag, and I know that we've submitted supplemental briefing on that. The primary difference that I would point to here with respect to the record of conviction that's before the Court now versus the record of conviction that was present in Cavantag is that in Cavantag, there was also the plea colloquy, which conclusively confirmed that the defendant had pled guilty to count one of the criminal complaint. We don't have that here, as we've already discussed. And in light of the other ambiguities that we've raised, we submit that the government has not met its burden with respect to removability, and with respect to seeking cancellation of removal, we do submit that Mr. Cuevas-Moreno should have the opportunity, should he be able, to demonstrate that he was not convicted of an aggravated felony. Thank you. Thank you very much. Judge Fletcher, do you have anything? No. Thank you. Thank you both. The case argument is now submitted. We're halfway through our docket this morning. Judge Fletcher, do you want to take a break, or shall we proceed? Why don't we proceed, unless either of you is concerned about... Okay.  We'll go ahead and proceed.
judges: Fletcher, Hawkins, Murguia